# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| AGC FLAT GLASS NORTH AMERICA, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> UFP EASTERN DIVISION, INC., UFP EAST ) <br> CENTRAL, LLC, and UFP MORRISTOWN, ) <br> LLC, ) <br> ) <br> *Defendants*. ) | Civil Action No.: |

## COMPLAINT

Plaintiff AGC Flat Glass North America, Inc. states as follows for its complaint against Defendants UFP Eastern Division, Inc., UFP East Central, LLC, and UFP Morristown, LLC:

## THE PARTIES

1. Plaintiff AGC Flat Glass North America, Inc. ("AGC") is a Delaware corporation with its principal place of business in Georgia.

2. Defendant UFP Eastern Division, Inc. ("UFP Eastern") is a Michigan corporation with its principal place of business in Michigan.

3. Defendant UFP Eastern is registered to conduct business in Tennessee, and its registered agent for service of process is C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

4. Defendant UFP East Central, LLC ("UFP East Central") is a Michigan limited liability company with its principal place of business in Michigan.

1

5. Upon information and belief, UFP East Central merged into UFP Eastern on December 31, 2020, and UFP Eastern is therefore UFP East Central's successor by merger.

6. Defendant UFP Morristown, LLC ("UFP Morristown") is a Michigan limited liability company with its principal place of business in Tennessee.

7. Defendant UFP Morristown is registered to conduct business in Tennessee, and its registered agent for service of process is C T Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

## JURISDICTION & VENUE

1. Upon information and belief, Defendants UFP Eastern and UFP Morristown manufacture and wholesale wood products, as well as lumber, fencing, decking, pallets, stakes, and bedding.

2. Upon information and belief, Defendant UFP East Central (doing business as UFP Morristown) manufactured and sold wood products, including to AGC.

3. Defendants' products are placed into the stream of commerce and are sold, utilized, and otherwise present in Tennessee.

4. For purposes of jurisdiction, AGC is a corporate citizen of the States of Delaware and Georgia, and Defendants are corporate citizens of the States of Michigan and Tennessee. There is complete diversity of citizenship between the parties.

5. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7.  This Court has personal jurisdiction over Defendants by virtue of their specific and general contacts with this judicial district, including but not limited to UFP Morristown's manufacture of goods in Morristown, Tennessee, and Defendants' sale of goods to Tennessee customers, including the sale of the goods which are the subject of this action by UFP East Central (doing business as UFP Morristown) to AGC's Greenland Plant in Church Hill, Tennessee. Through their business dealings in this district, Defendants have purposefully availed themselves to this Court's personal jurisdiction. Further, Defendants UFP East Central (doing business as UFP Morristown), UFP Morristown, and UFP Eastern (as UFP East Central's successor by merger) "irrevocably consent[ed] to the exclusive jurisdiction of the local, state, and federal courts in and for the Eastern District of Tennessee . . . ." *See* **Ex. A**, January 4, 2018 Purchase Order Agreement (the "Agreement"), § 18.

8.  Venue in this Court is proper because: (i) Defendants UFP East Central (doing business as UFP Morristown), UFP Morristown, and UFP Eastern (as UFP East Central's successor by merger) explicitly agreed that any litigation to enforce the terms of the Agreement would be brought exclusively in the courts in and for the Eastern District of Tennessee, including this Court, *see* **Ex. A**, Agreement § 18; and (ii) pursuant to 28 U.S.C. § 1391(b), a substantial part of the events giving rise to this complaint occurred in this judicial district.

## FACTS

9.  On or around January 4, 2018, AGC entered into the Agreement with UFP East Central (doing business as UFP Morristown) to supply products, including custom made wood boxes, crates, and pallets, for use in AGC's glass manufacturing business. *See generally*, **Ex. A**, Agreement.

10. The Agreement contained an indemnification provision, which required UFP East Central (doing business as UFP Morristown) to indemnify, defend, and hold harmless AGC from and against all claims, demands, losses, damages, costs, expenses, penalties, or liabilities (including, without limitation, attorneys' fees, court costs, and expert fees) of any nature, including but not limited to claims of injury to any person. *See* **Ex. A**, Agreement, § 12.

11. The Agreement also provided that, in the event that a suit was filed to enforce the terms of the Agreement, the prevailing party would be entitled to reasonable attorneys' fees, costs, and necessary disbursements in addition to any other relief to which that party may be entitled. *See* **Ex. A**, Agreement, § 18.

12. UFP East Central (doing business as UFP Morristown) supplied goods to AGC pursuant to the Agreement and accepted payment from AGC for these goods pursuant to the Agreement.

13. UFP Eastern is bound by the terms of the Agreement as UFP East Central's successor by merger.

14. On January 24, 2022, Monty Bradberry ("Mr. Bradberry") filed a Petition against AGC and Trulite Glass & Aluminum Solutions, LLC ("Trulite") in the District Court of Oklahoma County, Oklahoma (Case No. CJ-2022-349) (the "Bradberry Action").

15. Mr. Bradberry alleges that on or about April 24, 2020, he "suffered a severe injury when a defective crate of flat glass [(the "Crate")] weighing thousands of points collapsed and fell on him." *See* **Ex. B**, Bradberry Petition, ¶ 8.

16. Mr. Bradberry asserts claims for negligence, products liability, strict liability, and failure to warn and demands damages in excess of $75,000.00 related to his alleged injuries. *See* **Ex. B**, Bradberry Petition, ¶¶ 15-27, Prayer for Relief.

26216451v1

17. Mr. Bradberry's claims are based, at least in part, on allegations that the Crate was defective. *See generally*, **Ex. B**, Bradberry Petition.

18. UFP East Central (doing business as UFP Morristown) manufactured the Crate, shipped it to AGC's Greenland Plant in Church Hill, Tennessee, and accepted payment from AGC for the Crate pursuant to the Agreement.

19. On February 28, 2022, Trulite removed the Bradberry Action to the United States District Court for the Western District of Oklahoma (Case No. CV-22-165-PRW), where it is currently pending.

20. Pursuant to the Agreement, Mr. Bradberry's allegations trigger Defendants' defense and indemnity obligations to AGC.

21. AGC tendered its defense and indemnity to Defendants on or around October 14, 2022; however, Defendants have refused to accept said tender.

## CAUSES OF ACTION

### COUNT I:
### BREACH OF CONTRACT

22. AGC incorporates by reference the allegations of Paragraphs 1-20 as if fully set forth herein.

23. The Agreement is a valid and enforceable contract between AGC and UFP East Central (doing business as UFP Morristown).

24. The Agreement is a valid and enforceable contract between AGC and UFP Eastern, as UFP Eastern is UFP East Central's successor by merger.

25. AGC has fully performed and satisfied all conditions, covenants, and promises required by the Agreement.

26. Upon information and belief, Defendants breached the Agreement by (a) refusing

2621645v1

to defend, indemnify, and hold harmless AGC from the Bradberry Action, and (b) failing to take appropriate steps to ensure that appropriate additional insured endorsements and insurance coverage had been obtained. *See* **Ex. A**, Agreement §§ 12, 20.

27. It has been necessary for AGC to retain the services of legal counsel to defend against the Bradberry Action and to bring this action to enforce the terms of the Agreement.

28. As a direct and proximate result of Defendants' breaches of the Agreement, AGC has incurred and continues to incur damages in connection with its defense of the Bradberry Action and its enforcement of the Agreement's terms through this action.

29. Pursuant to the terms of the Agreement, AGC is entitled to recover from Defendants its reasonable attorneys' fees, expert fees, and other litigation costs incurred in the Bradberry Action, as well as its reasonable attorneys' fees and costs incurred in this action. *See* **Ex. A**, Agreement §§ 12, 18.

30. AGC's damages currently total no less than $75,000.00, with the final, exact amount to be proven at trial.

**WHEREFORE**, Plaintiff AGC respectfully requests that the Court:

1. Issue process to be served on Defendants;

2. Order Defendants to indemnify AGC from all damages and/or economic losses that Mr. Bradberry may recover against AGC by way of judgment, order, settlement, or compromise in the Bradberry Action;

3. Award AGC its reasonable attorneys' fees, experts' fees, and any other litigation expenses incurred in connection with the Bradberry Action, and its reasonable attorneys' fees, costs, necessary disbursements, and any other litigation expenses incurred in connection with this

2621645Iv1

action, in an amount to be proven at trial, but no less than $75,000.00;

4. Award AGC all applicable pre-judgment and post-judgment interest at the highest legally permissible rate; and

5. Grant AGC such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

**MILLER & MARTIN PLLC**

By: *s/         Lynzi J. Archibald*
    Lynzi J. Archibald, TN BPR No. 030063
832 Georgia Avenue, Suite 1200
Chattanooga, Tennessee 37402
(423) 756-6600
Lynzi.Archibald@millermartin.com

*Counsel for Plaintiff AGC Flat Glass North America, Inc.*

7